Bingham McCutchen LLP
ROBERTA. SCHROEDER (SBN 73913)
LEIGH O. CURRAN (SBN 173322)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499

Attorneys for Defendant

CONAGRA FOODS REFRIGERATED FOODS CO.,
INC. f/k/a SWIFT-ECKRICH, INC., dba.
BUTTERBALL TURKEY COMPANY

Howrey LLP
BRIAN A.E. SMITH (SBN 188147)
ROBIN E. DEAN (SBN 233444)
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff

FOSTER POULTRY FARMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FOSTER POULTRY FARMS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONAGRA FOODS REFRIGERATED FOODS CO., INC. f/k/a SWIFT-ECKRICH, INC. dba BUTTERBALL TURKEY COMPANY, a Delaware corporation,<br><br>　　　　Defendant. | No. CIV F- 04 5810 LJO<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

1. **Introduction and Scope.**

This Protective Order is entered into by and between Plaintiff Foster Poultry Farms, Inc. ("Foster Farms") and Defendant ConAgra Foods Refrigerated Foods Co., Inc. ("ConAgra") through their counsel of record. This Protective Order shall govern any Discovery Material which is designated as subject to this order. Any person, including persons who are not a party to this action, who provides Discovery Material in this action may designate that material as subject to this order.

The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the Discovery Materials, and information contained therein, governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**2. Definitions.**

a. "Discovery Material" means any record of information produced in this action, whether formally or informally. This includes, but is not limited to, responses to a discovery request made pursuant to the Federal Rules of Civil Procedure, deposition testimony, testimony taken at a hearing or other proceeding, briefs and evidence submitted to the court, and/or responses to informal requests for information.

b. "Counsel of Record" means an attorney or firm who is not an employee of a party to this action and who has entered an appearance in this matter with the court, including that attorney's support personnel such as secretaries, paralegals, and outside copy services.

c. "Identified" means a person who has been identified pursuant to this Protective Order.

d. "Related Documents" means (i) all extracts and complete or partial summaries prepared from Discovery Material subject to this Protective Order; (ii) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such Discovery Material, copies thereof, extracts, or summaries; (iii) portions of briefs, memoranda or any other writing filed with the court and exhibits thereto which contain or reflect the content of any such Discovery Material, copies thereof, extracts, or summaries; (iv) deposition testimony designated as subject to this Protective Order; and (v) testimony taken at a hearing or other proceeding that is designated as subject to this Protective Order.

**3. Designation of Discovery Material as Subject to This Protective Order.**

a. Any person producing Discovery Material in this action which contains trade secrets or other confidential technical, business or financial information may designate that material as subject to this Protective Order. This designation shall be made by marking each page of the designated material with the appropriate legend prior to production. The parties and their counsel shall make such designations in good faith.

b. Discovery Material which is of a generally confidential nature may be designated and marked **CONFIDENTIAL**.

  c. Discovery Material which contains, reflects, or embodies trade secrets, or other confidential research, development, commercial, technical, business, financial, personnel, or customer information may be designated and marked **CONFIDENTIAL - ATTORNEYS ONLY.**

  d. The inadvertent production of Discovery Material without a marking does not waive of the right to designate material.  Discovery Material produced without a marking may be later designated by providing to all persons who received the original production (i) notice that the material is now designated, and (ii) a copy of the designated material which is marked with the appropriate designation.  Such designation shall be made promptly upon discovery that the material was produced without the appropriate marking.

  **4.** **Limits On Use and Disclosure of Designated Information.**

  a. Use and disclosure of Discovery Material that has been designated as subject to this Protective Order shall be limited as follows:

    i. Discovery Material designated **CONFIDENTIAL** shall not be used or disclosed for any purpose other than this litigation.  Particularly, no party and or person to whom **CONFIDENTIAL** Discovery Material has been disclosed shall use such material, or the information contained therein, in any other action, nor for the purposes of preparing, filing, or prosecuting any patent application, including a continuation, divisional, reissue, or reexamination application.

    ii. Discovery Material designated as **CONFIDENTIAL - ATTORNEYS ONLY** shall not be used or disclosed for any purpose other than this litigation.  Particularly, no party and or person to whom **CONFIDENTIAL-ATTORNEYS ONLY** Discovery Material has been disclosed shall use such material, or the information contained therein, in any other action, nor for the purposes of preparing, filing, or prosecuting any patent application, including a continuation, divisional, reissue, or reexamination application.  Such material may not be disclosed to any person other than:

      A. Court Personnel (including the Court, clerks, and court reporters);

B.   Counsel of Record, secretarial and other litigation support personnel reporting directly to them;

C.   Testifying experts, and their staff, retained by the parties or their attorneys for purposes of this litigation, who are not employees of the receiving party, who are not affiliated on a regular basis with the receiving party; and

D.   Identified graphics or design services retained by the parties or counsel; and

E.   Qualified persons taking testimony involving such material and necessary stenographic and clerical personnel thereof.

b.   Counsel of Record for a party may give advice and opinions to his or her client based on his or her evaluation of information contained in designated Discovery Material provided that such rendering of advice and opinions shall not reveal the content of Discovery Material designated **CONFIDENTIAL - ATTORNEYS ONLY** except by prior written agreement with counsel for the designating person.

**5.   Storage Of Designated Information.**

During the course of this litigation, Discovery Materials designated **CONFIDENTIAL** or **CONFIDENTIAL - ATTORNEYS ONLY** shall be stored at the offices of Counsel of Record.

**6.   Agreement of Confidentiality.**

No Discovery Material marked **CONFIDENTIAL - ATTORNEY ONLY** shall be disclosed to any person other than the Court (including court personnel, clerks, and reporters) and Counsel of Record, unless the receiving person has signed a Confidentiality Undertaking in the form of Exhibit A hereto, which Confidentiality Undertaking shall be maintained in the files of Counsel of Record for the party disclosing Discovery Material marked **CONFIDENTIAL - ATTORNEY ONLY** until the conclusion of the case.

**7.     No Waiver or Privilege.**

Stipulation to, and entry of, this Protective Order does not constitute a waiver of, or a bar to, an assertion of privilege or protection with respect to any material.  Neither does it constitute a waiver of, or bar to, any objection to a discovery request.  All such assertions and objections shall be governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**8.     Copies and Related Documents.**

a.     All copies of Discovery Material which has been designated as subject to this Protective Order shall include the marking designating them as **CONFIDENTIAL** or **CONFIDENTIAL - ATTORNEYS ONLY**.

b.     All Related Documents shall be marked with the same designation as the Discovery Material from which the Related Documents are derived or on which they are based.

**9.     Designation of Deposition Transcripts.**

Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (i) at the time of such deposition, or (ii) within fourteen (14) days following receipt of the deposition transcript by providing written notice to all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.  All deposition transcripts not previously designated shall he deemed to be, and shall be treated as, **CONFIDENTIAL - ATTORNEYS ONLY** for a period of fourteen (14) days after receipt of the transcript.  Whenever matter designated as **CONFIDENTIAL - ATTORNEYS ONLY** is to be discussed in a deposition, any person claiming such confidentiality may have excluded from the deposition any person who is not entitled under this Order to receive information designated as **CONFIDENTIAL - ATTORNEYS ONLY**.

**10.     Designation Of Hearing Testimony Or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of **CONFIDENTIAL - ATTORNEYS ONLY** information, counsel may designate on the record

prior to such disclosure that the disclosure is **CONFIDENTIAL - ATTORNEYS ONLY** as the case may be.  Whenever matter designated as **CONFIDENTIAL - ATTORNEYS ONLY** is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may have excluded from the room any person who is not entitled under this Order to receive information designated as **CONFIDENTIAL - ATTORNEYS ONLY**.

      11.    **Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document, whether designated as **CONFIDENTIAL - ATTORNEYS ONLY**, to any person who was an author, addressee, or copy recipient of such document.  Regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness and such discussion shall not constitute disclosure in violation of this Protective Order.  Such discussion, however, shall not disclose Discovery Material designated **CONFIDENTIAL - ATTORNEYS ONLY**.

      12.    **Filing Of Documents Under Seal.**

Any information or documents designated as **CONFIDENTIAL - ATTORNEYS ONLY**, if filed with the Court, shall be filed and kept by the Court under seal, and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.  The party filing any paper which reflects, contains or includes any information or document subject to this Protective Order shall file such paper in sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend **CONFIDENTIAL - ATTORNEYS ONLY** (as the case may be), and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of
> the Court.  It shall not be opened nor its contents disclosed,

revealed or made public except by Order of the Court or written agreement of the parties.

At the conclusion of this case, including any appeals or the expiration of any appeal period, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 17 below.

**13.     Confidentiality Of Party's Own Documents.**

Notwithstanding the other terms of this Protective Order, a party may disclose to its officers, directors, employees, consultants or experts, or to any other party, Discovery Material designated by it as subject to this Protective Order.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it.

**14.     Other Protections; Challenge To Confidentiality Designations.**

a.     This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Discovery Material as that party may consider appropriate.  Nor shall any party be precluded from applying to the Court for an order permitting the disclosure or use of Discovery Material otherwise prohibited by this Protective Order, or applying for a further Order modifying this Protective Order in any respect.

b.     No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.  On any motion challenging the designation of Discovery Material as subject to this Protective Order, the burden of justifying the designation shall lie with the designating party.  If a party seeks declassification or removal of particular items designated as subject to this Protective Order from this Protective Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the Discovery Material, the following procedure shall be utilized:

i.     The party seeking such declassification or removal shall give counsel for the other party written notice, specifying the Discovery Material as to which such removal is sought and the reasons for the request; and

ii.     If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery of the notice, then the party requesting the declassification or removal of particular items designated as subject to this Protective Order may

file and serve motion for a further Order of this Court directing that the Discovery Material at issue is not subject to this Protective Order or that changing the level of confidentiality at which it is designated.

### 15. Prior Or Public Knowledge.

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order, or that is legitimately and independently developed or invented by the party to whom disclosure is made.

### 16. Return Of Designated Information.

Upon final termination of this action, upon the written request of a person who has designated Discovery Material as subject to this Projective Order, each party shall assemble and return all material designated as **CONFIDENTIAL - ATTORNEYS ONLY**, including all copies, extracts and summaries thereof, to the person from whom the designated material was obtained, except that any documents or copies which contain or constitute, or which reflect, attorney's work product or attorney-client privileged communications may be retained by counsel or destroyed rather than returned.

### 17. Waiver Or Termination Of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by Counsel of Record for the party designating Discovery Material as subject to this Protective Order, or the person who produced the Discovery Material, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court.

### 18. Modification Of Order.

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.

IT IS HEREBY STIPULATED AND AGREED by and among the parties, through their counsel of record, that the Court may enter the foregoing Protective Order.

DATED: _____, 2006        Howrey LLP


                                      By:[SIGNATURE ON NEXT PAGE]


                                      _____
                                               Brian A.E. Smith
                                               Robin E. Dean
                                           Attorneys for Plaintiff
                                      FOSTER POULTRY FARMS, INC.

DATED: January 6, 2006                Bingham McCutchen LLP


                                      By:


                                      _____
                                              Robert A. Schroeder
                                              Leigh O. Curran
                                          Attorneys for Defendant
                                      CONAGRA FOODS
                                      REFRIGERATED FOODS CO., INC.
                                      f/k/a SWIFT-ECKRICH, INC., dba.
                                      BUTTERBALL TURKEY
                                      COMPANY

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER POULTRY FARMS, INC., | Case No. CIV F-04 5810 LJO |
| Plaintiff, | |
| vs. | |
| CONAGRA FOODS REFRIGERATED FOODS CO., f/k/a SWIFT-ECKRICH, INC. dba BUTTERBALL TURKEY CO., | |
| Defendant. | |

**UNDERTAKING OF** _____

I, _____, state that:

1. My address is _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation and job description is _____.

4. I have received a copy of the Protective Order in this action signed by United States Magistrate Judge O'Neill.

5. I have carefully read and understand the provisions of the Protective Order, and agree to comply with all of the provisions of the Protective Order.

6. I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, materials designated as subject to the Protective Order which are disclosed to me.

7. I will return on demand all materials subject to the Protective Order which come into my possession, and any documents or things which I may prepare relating thereto, to authorized counsel for the party by whom I am employed or retained.

8. I hereby submit to the jurisdiction of the U.S. District Court for the Eastern District of California for the purposes of enforcement of the Protective Order against me in this action.

_____
Signature

Date: _____

IT IS SO ORDERED.

**Dated:   January 9, 2006**              **/s/ Lawrence J. O'Neill**
66h44d                                    UNITED STATES MAGISTRATE JUDGE